Wash, J.,
delivered the opinion of the Court.
This was an action of assumpsit instituted in the Circuit Court by Warburton & Risley, the defendants in error, against Coliins, the plaintiff in error, as endorser and payee of a promissory note. "W. & Rafead judgment in the Circuit Court, to reverse which Collins now prosecutes his writ of error in this Court. There is a general assignment of errors. The deelarationsets forth the note, which was dated July the 11th, 1829, signed by one Ira Kellogg,-and payable four months after date, at the office of discount and deposite of the United States Branch Bank at St. Louis. It alledges a presentment of the note on the day it became due, at the Bank for payment; the dishonor of the note and notice thereof to Collins in due form of law. The declaration then alledges that on the 13th of July, 1830, the plaintiffs commenced suit against Kellogg, the maker, in the Morgan Circuit Court, in the State of Illinois, upon said note, and that a writ of summons was, on the 14th day of the same month, issued from the Clerk’s office of said Court, and was served on the said Kellogg; and that such proceedings were thereafter had in that suit, that on the 10th of September in the same year, judgment was rendered by said Morgan Circuit Court against said Kellogg, &c.; upon which judgment, on the 5th of October, in the same year, an execution of fl. fa. was issued, &c., on which the Sheriff returned nulla bona, &c. The.defendant demurred generally to the declaration. The demurrer was overruled, and judgment given for the plaintiffs.
The only question presented "for the consideration of this Court, arises out of the provisions of the second section of “ an’ act concerning assigned bonds, bills and promissory notes,” Rev. Code, p. 143. This section provides “that no assignor of any bond, bill or promissory note for the payment of money or property, shall hereafter be liable to the action of the assignee of any such bond, bill or promissory note, unless such assignee shall have used due diligence by the institution and prosecution-of a suit at law against the maker, &c. It is insisted on by Mr. Spalding for-the defendants in error, that the statements in the declaration are sufficient to show that the plaintiffs below “ Used due diligence,” &c.
Due diligence is a question of law to be decided by the Court. It is like due notice of non-acceptance and non-payment, a-question of law, depending upon the facts and circumstances of each particular case. The declaration taken to be true, must make out a case of legal notice. It is true that the precise day need not be stated; hut if any other day be stated, than that on which the acceptance or payment was *146 refused, the excuse must also be stated that the Court may see if it be legal, taking it to be true, as stated. In this case, the declaration shows a suit instituted eight months after the note became due, and in a different State from that in which the note was given. The statement may he all true, and yet the plaintiffs below, instead of using “ due diligence by the institution and prosecution” of the suit, may have been very remiss. Eor aught appears, several terms of the Morgan Circuit Court ipay have elapsed after the note became due and before suit was commenced, or the defendant in that suit may have continued to reside in the county of St. Louis, or elsewhere, to the knowledge of the plaintiffs, in possession of property out of which the execution might have been satisfied.
The diligence made use of must in like manner, as in the case of a notice, be stated that the Court may judge whether it be legal, or in the language of the statute, due diligence. In this case, we think the declaration defective in not averring that the suit was instituted at the first tei m of the Court after the note became due and payable, or showing some excuse therefor; and in not averring that the fl. fa. was the final and only available execution of the judgment to which the plaintiffs were entitled by the laws of Illinois.
The judgment of the Circuit Courtis therefore reversed, and the cause remanded for further proceedings conformably to this opinion.